IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Michael T. Barnes, | ) | C/A No. 6:18-874-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Stephan, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Michael T. Barnes, brings this action pursuant to
28 U.S.C. § 2254 challenging his 2006 state court conviction for murder and attempted
armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a Report and
Recommendation wherein he suggests that this court should dismiss the action for lack
of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The
Report sets forth in detail the relevant facts and standards of law on this matter, and
this court incorporates those facts and standards without a recitation.

On May 29, 2018, the respondent filed a motion for summary judgment. An
order was then issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and
Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The
recommendation has no presumptive weight, and the responsibility to make a final
determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is
charged with making a de novo determination of those portions of the Report to which specific
objection is made and the court may accept, reject, or modify, in whole or in part, the
recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with
instructions. 28 U.S.C. § 636(b)(1).

notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did not file a response.

Petitioner was also advised of his right to object to the Report, which was entered on the docket on August 2, 2018. On August 20, 1018, petitioner filed a document with this court attesting that the document was his "written objection to Report and Recommendation." In this document, petitioner contends that he has been on lock down due to a riot for the past 100 days and therefore did not have proper access to the library. The petitioner did not provide any documents or notices to corroborate the lock down event. In any event, this court granted petitioner an extension until September 21, 2018 to file objections to the Report.

Subsequently, on September 27, 2018, this court received a letter from petitioner stating that Broad River Correctional Institution had been locked down for over four months, and as a result, petitioner had not had proper access to material to prepare an adequate defense. (ECF No. 31). This court deemed the letter as another request for extension of time to file objections and again extended the time to file objections to the Report until November 5, 2018.

As of the date of this order, March 5, 2019, approximately four months have passed since this court granted petitioner a second extension of time to file objections or respond to the motion for summary judgment. However, the petitioner has still not filed objections or a response.

The Magistrate Judge and this court have allowed the petitioner ample time to respond to the court's orders and the petitioner has failed to do so. As a result, this court agrees with the Magistrate Judge that the petitioner meets all of the criteria for dismissal under Rule 41(b). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Accordingly, this action is dismissed with prejudice for lack of prosecution and failure to comply with the court's orders.

Further, because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

March 5, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge